**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WESTERN RAILWAY DEVICES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 0052 |
| | ) | |
| v. | ) | |
| | ) | |
| LUSIDA RUBBER PRODUCTS, INC., | ) | |
| and John Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion is granted in part and denied in part.

## BACKGROUND

The following relevant facts, drawn from the complaint, are taken as true for purposes of this motion. On September 25, 2004, plaintiff Western Railway Devices Corp. ("Western Railway") received an unsolicited fax advertisement on its facsimile machine from defendant Lusida Rubber Products, Inc. ("Lusida"). The fax advertisement, a copy of which is attached to the complaint, promotes the services of Lusida. It also includes a fax number for Western Railway to contact to be removed from future distributions of advertisements. Western Railway had no prior relationship with

Lusida, and had not authorized the sending of fax advertisements to it.  Western Railway claims that the fax was sent as part of a mass broadcasting of faxes.  Western Railway does not allege that it received any subsequent facsimiles from Lusida.

On November 8, 2005, Western Railway filed a three count complaint against defendant Lusida in Illinois state court.  Count I is for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); Count II is for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"); and Count III asserts a claim for common law conversion.  The Complaint also contains class allegations.  On January 5, 2006, Lusida filed a Notice of Removal to this Court.

On February 2, 2006, the same day it filed the present motion to dismiss, Lusida submitted a Fed. R. Civ. P. Rule 68 Offer of Judgment to Western Railway in which it offered an amount greater than the statutory damages available to Western Railway individually under the TCPA.  Western Railway rejected the offer, and four days later, on February 6, 2006, it filed a motion for class certification  pursuant to Rule 23 of the Federal Rules of Civil Procedure.


**<u>DISCUSSION</u>**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the

merits.    5B  Charles  Alan  Wright  &  Arthur  R.  Miller,  <u>Federal</u>
<u>Practice  and  Procedure</u>  §  1356,  at  354  (3d  ed.  2004).    When
evaluating such a motion, the court must accept as true all factual
allegations in the complaint and draw all reasonable inferences in
the plaintiff's favor.  <u>Hentosh v. Herman M. Finch Univ. of Health</u>
<u>Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999); <u>Jang v. A.M. Miller</u>
<u>& Assocs.</u>,  122  F.3d  480,  483  (7th  Cir.  1997).    Dismissal  is
appropriate only if "'it is clear that no relief could be granted
under any set of facts that could be proved consistent with the
allegations.'"   <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir.
1997) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984));
<u>Jones v. General Elec. Co.</u>, 87 F.3d 209, 211 (7th Cir.), <u>cert.</u>
<u>denied</u>, 519 U.S. 1008 (1996).

Lusida  asserts  two  separate  arguments  in  its  motion.
First, it argues that all counts should be dismissed in light of
its  offer  of  judgment  under  Rule  68.    Second,  it  argues  that
Western Railway's ICFA claim should be dismissed for failure to
state a claim for relief.  These arguments will be discussed in
turn.

**A.**      <u>**Rule 68 Offer of Judgment**</u>

Lusida first argues that all counts should be dismissed for
lack of subject matter jurisdiction because there is no remaining
case or controversy as a result of its offer of judgment pursuant

to Fed. R. Civ. P. Rule 68.  Western Railway counters that its claims are not rendered moot by the offer of judgment because the offer only addresses its individual claims, and not those of the putative class.  It contends that a motion to certify a class filed within the Rule 68 ten day offer period will avoid mootness.

A case becomes moot when the dispute between the parties no longer exists, or when one of the parties loses his personal interest in the outcome of the suit.  <u>Holstein v. City of Chicago</u>, 29 F.3d 1145, 1147 (7th Cir. 1994).  "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."  <u>Id.</u>  (quoting <u>Rand v. Monsanto Co.</u>, 926 F.2d 596, 598 (7th Cir. 1991)).  However, mootness requirements differ somewhat in cases such as this one where a plaintiff attempts to represent a class.  If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided.  <u>Id.</u>  "The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the <u>entire</u> relief sought by the suit, unless the offer comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced."  <u>Greisz v. Household Bank (Illinois), N.A.</u>, 176 F.3d 1012, 1015 (7th

Cir. 1999) (citations omitted).

The Seventh Circuit has not addressed the question of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment. However, a number of judges in this district have addressed this issue and uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim. <u>See Parker v. Risk Mgmt. Alternatives, Inc.</u>, 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not mooted where class certification motion filed before expiration of ten day period); <u>Kremnitzer v. Cabrera & Rephen, P.C.</u>, 202 F.R.D. 239, 244 (N.D. Ill. 2001) (case not mooted where plaintiff "sought class certification during the ten days following the Rule 68 offer of judgment" because class certification motion "suspend[s] the Rule 68 offer of judgment directed toward him, due to the possibility that the 'adverse party' would change materially upon certification"); <u>Asch v. Teller, Levit & Silvertrust, P.C.</u>, 200 F.R.D. 399, 400-01 (N.D. Ill. 2000) (same); <u>Wilson v. Collecto, Inc.</u>, No. 03 C 4673, 2003 WL 22299022, at *2 (N.D. Ill. Oct. 6, 2003) (same). The court agrees with the reasoning of these decisions and holds that Western Railway's motion for class certification, filed four days after Lusida's Rule 68 offer, avoids mootness.

Lusida argues that the Seventh Circuit's decisions in

<u>Holstein</u> and <u>Griesz</u> support its argument that a defendant can moot a potential class action by offering full relief to the named plaintiff if the offer is made before class certification is sought. However, both decisions are distinguishable, as neither addresses the issue of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment. In <u>Holstein</u>, the plaintiff never moved for class certification. In <u>Griesz</u>, the defendant's motion was filed after class certification had been denied. "Although both of these cases make some distinction between settlement offers prior and subsequent to class certification, neither addresses the issue at hand, namely the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment." <u>Kremnitzer</u>, 202 F.R.D. at 243.

Because Western Railway filed its motion for class certification during the ten days following Lusida's Rule 68 offer of judgment, Lusida's motion to dismiss based upon its Rule 68 offer of judgment is denied.


**B.      <u>Illinois Consumer Fraud and Deceptive Practices Act</u>**

Lusida also moves for dismissal of Count II, Western Railway's ICFA claim. In support of this motion Lusida asserts two arguments. First, it contends that Western Railway's ICFA claim fails because the ICFA does not expressly prohibit unsolicited fax advertising, nor does it state that a violation of the TCPA or any

other statute that prohibits fax advertising constitutes a violation of the ICFA. Second, Lusida contends that its conduct does not constitute a violation of the ICFA.

In support of its first argument, Lusida cites <u>People ex rel. Daley v. Grady</u>, 192 Ill. App. 3d 330, 548 N.E.2d 764 (1st Dist. 1989), which held that, under the doctrine of <u>expressio unius est exclusio alterius</u>, a violation of the Real Estate Licensing Act did not constitute a violation of the ICFA. The court stated that "when certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition." <u>Id.</u> at 333, 548 N.E.2d at 766. Because the ICFA provides a list of "other acts" which if violated would automatically violate the ICFA, and because a violation of the Real Estate Licensing Act was absent from the list, the Court dismissed the plaintiff's ICFA claim. Lusida argues that the same reasoning applies in this case to Western Railway's ICFA claim because the statute does not list the TCPA or any other statute that prohibits fax advertising among its "other acts."

Although a TCPA violation is not a listed violation of the ICFA, this by itself merely requires that Western Railway independently state a claim under the Act. <u>See Chapman v. Ontra, Inc.</u>, No. 96 C 0019, 1997 WL 321681, at *5 (N.D. Ill. June 6, 1997); <u>Perperas v. United Recovery Sys., Inc.</u>, No, 96 C 7693, 1997 WL 136326, at *4 (N.D. Ill. Mar. 19, 1997). Therefore, Western

Railway's ICFA claim will survive if the allegations set forth in the complaint support such a claim.

The ICFA is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. It is to be liberally construed to effectuate its purpose. Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 416-17, 775 N.E.2d 951, 960 (2002). The elements of a claim under the ICFA are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce. Id. at 417, 775 N.E.2d at 961.

Recovery may be had for unfair as well as deceptive conduct. Id. In determining whether a given course of conduct is unfair, the factors to be considered are (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. Id. at 417-18, 775 N.E.2d at 961 (citing Fed. Trade Comm'n v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5 (1972)). All three factors do not need to be satisfied to support a finding of unfairness. Rather, a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Id. at 418, 775 N.E.2d at

961.  We will discuss each of the factors to determine whether Western Railway has successfully pleaded an ICFA claim.

## 1.    Offends Public Policy

A practice which has not previously been held to be unlawful can offend public policy if it violates a standard of conduct set out by an existing statute or common law doctrine that typically governs such situations.  Garrett v. RentGrow, Inc., No. 04 C 8309, 2005 WL 1563162, at *3 (N.D. Ill. July 1, 2005); Elder v. Coronet Ins. Co., 201 Ill. App. 3d 733,742, 558 N.E.2d 1312, 1316 (1st Dist. 1990).  Here, Lusida offers no rebuttal to Western Railway's argument that Lusida's conduct offends public policy.  At least one Illinois court also has found that the practice of sending unsolicited facsimile advertisements offends public policy. See Whiting Corp. V. MSI Mktg., Inc., No. 02 CH 6332, at *17 (Ill. Cir. Ct. Apr. 3, 2003) (Pl.'s Resp., Ex. I; Def.'s Reply, Ex. D). This factor, therefore, favors Western Railway.

## 2.    Oppressive Practice

With regard to the second Robinson factor, Western Railway argues that Lusida's conduct is oppressive because the "fax recipients  are left with no alternative, but to pay the charges associated with receiving unwanted faxes."  It further argues that Lusida's conduct was oppressive with regard to the putative class

as a whole.  Lusida counters that the alleged fax at issue in this case had a "remove" number on it, allowing Western Railway to ensure that it did not receive any additional faxes if it did not want them.  It also argues that Western Railway's failure to establish its individual claim bars its class action claims.

A practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer.  <u>Garrett</u>, 2005 WL 1563162, at *3 (citing <u>Robinson</u>, 201 Ill.2d at 419-20, 775 N.E.2d at 962).  Western Railway alleges in its complaint that Lusida sent to it one unsolicited facsimile advertisement.  This facsimile included a "remove" number which Western Railway could contact to avoid receiving further facsimiles from Lusida.  We conclude that the conduct alleged in this case does not constitute oppressive behavior under <u>Robinson</u>.  The burden imposed by Lusida's practice can hardly be characterized as unreasonable, nor does it deprive Western Railway of a meaningful choice.

Both Western Railway and Lusida rely on <u>Whiting Corp. v. MSI Marketing, Inc.</u>, No. 02 CH 6332 (Ill. Cir. Ct. Apr. 3, 2003).  <u>See</u> Pl.'s Resp., Ex. I; Def.'s Reply, Ex. D.  <u>Whiting</u> involved a claim under the ICFA involving facts highly similar to those alleged in the present case.  The court reviewed each of the <u>Robinson</u> factors and found that the plaintiff had failed to state a claim under the ICFA.  With regard to the issue of oppressive

conduct, the court stated as follows:

> The Plaintiffs allege the conduct is oppressive, yet they allege only one or two facsimile transactions to each Plaintiff. This, by inference, suggests minimal disruption of one's business or occupation. The exhibits to the complaint show each plaintiff had a reasonable alternative to the receipt of additional messages. They could call to remove themselves from the list. This conduct does not rise to the level of oppression envisioned by the drafters of ICFA.

<u>Whiting Corp. V. MSI Marketing, Inc.</u>, No. 02 CH 6332, at *17-18 (Cir. Ct. Apr. 3, 2003). We find the <u>Whiting</u> court's discussion of this issue to be persuasive. As in <u>Whiting</u>, Lusida's transmission of one single page facsimile that included a "remove" number does not amount to oppressive conduct.

Western Railway contends that practices that inflict unavoidable injury are oppressive and unfair. In support of this argument, Western Railway cites <u>Elder v. Coronet Ins. Co.</u>, 201 Ill. App. 3d 733, 558 N.E.2d 1312 (1st Dist. 1990) and <u>People ex rel. Fahner v. Hedrich</u>, 108 Ill. App. 3d 83, 438 N.E.2d 924 (2d Dist. 1982). However, both of these cases are distinguishable. In <u>Elder</u>, the court found the defendant insurance company's act of relying solely on polygraph tests in denying insurance claims to be an unfair practice because it required its insureds to file suit or forego recovery even though the defendant possessed no admissible evidence that would create a triable issue in court. <u>Elder</u>, 201 Ill. App. 3d at 746, 558 N.E.2d at 1318. In <u>Fahner</u> the defendant, owner of a mobile home park, required park tenants who sold their mobile homes to pay a transfer fee if the mobile home was to remain

in his park after sale. The court found that tenants had no reasonable alternative to paying the "unconscionably large" fee. <u>Fahner</u>, 108 Ill. App. 3d at 90, 438 N.E.2d at 929. In each case the court reviewed the specific facts to find conduct that was both oppressive and unavoidable. Neither court set forth a per se standard that any practice that inflicts an unavoidable injury is oppressive and unfair. These cases are further distinguishable in that, unlike the <u>Elder</u> and <u>Fahner</u> plaintiffs, Western Railway's injury is avoidable. Lusida's advertisement fax included a "remove" number that Western Railway could use to avoid future facsimiles.

The court holds that Western Railway has failed to allege conduct that satisfies the second <u>Robinson</u> factor.

3.    <u>Substantial Injury</u>

With regard to the third <u>Robinson</u> factor, Lusida argues that Western Railway did not suffer substantial injury and thus lacks standing under the statute. Western Railway counters that "plaintiff had no reasonable alternative but to receive the unwanted faxes and pay the charges associated with receiving the faxes." Western Railway contends that the receipt of the fax consumed its paper and toner and "compromised the use of her [sic] fax machine for the sake of the receipt of defendants' unsolicited advertising material."

A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers. <u>Garrett</u>, 2005 WL 1563162, at *4. In this case, Western Railway alleges in Paragraph 26 of its complaint that it "suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result." However, Western Railway also alleges that Lusida sent to it only one single page facsimile advertisement, on September 25, 2004. The cost of receiving and printing a single page facsimile advertisement cannot be characterized as "significant harm." <u>See Kim v. Sussman</u>, No. 03 CH 07663, 2004 WL 3135348, at *3 (Ill. Cir. Ct. Oct. 19, 2004) (damages resulting from conversion of the paper and toner necessary to print unsolicited facsimile "are minuscule, <u>i.e.</u>, pennies per plaintiff.") <u>Accord Whiting</u> at *18.

In support of its claim, Western Railway points to <u>People ex rel. Hartigan v. Stianos</u>, 131 Ill. App. 3d 575, 475 N.E.2d 1024 (2d Dist. 1985). In <u>Stianos</u>, the Court held that a retailer's practice of charging consumers sales tax in an amount slightly greater than that authorized by law was both deceptive and unfair, even though the overcharge was a few pennies per transaction. However, this holding is inapplicable to the present dispute, as the case was brought by the Illinois Attorney General. An action brought by the Attorney General under Section 2 of the ICFA does not

require that "any person has been misled, deceived or damaged."
Oliveira v. Amoco Oil Co., 201 Ill.2d 134, 149, 776 N.E.2d 151, 160
(2002) (quoting 815 ILCS 505/2). In contrast, a private cause of
action must be brought under Section 10a(a) of the ICFA, which
requires proof of actual damage. Id. Furthermore, such injury must
be substantial. Robinson, 201 Ill.2d at 418, 775 N.E.2d at 961.
Stianos, therefore, is inapposite to the present case.

Plaintiff also contends that the sending of the faxes
inflicts substantial injury upon the proposed class as a whole,
pointing out that it has alleged that the fax sent by Lusida was
part of a "fax broadcasting" campaign of "junk faxes." However,
where a putative class representative has no valid claim in his own
right, he cannot bring such a claim on behalf of a putative class.
Bunting v. Progressive Corp., 348 Ill. App. 3d 575, 581, 809 N.E.2d
225, 231 (1st Dist. 2004). Because Western Railway has failed to
allege that it personally suffered substantial injury under the
ICFA, its class allegations have no bearing on this motion.

For these reasons, we conclude that Western Railway has
failed to allege that it has suffered substantial injury in this
case.

4.    Summary

In light of the foregoing, the court concludes that Western
Railway has failed to state a claim under the ICFA. Although the

alleged practice of Lusida may offend public policy, it is not sufficient to support a finding of unfairness in light of the lack of oppressiveness or substantial injury. Therefore, Lusida's motion to dismiss Count II is granted.


## **CONCLUSION**

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is denied. Defendant's motion to dismiss Count II is granted. The dismissal is without prejudice to the filing of an amended Count II by July 5, 2006 if plaintiff can state a cognizable ICFA claim against defendant. If plaintiff does not amend its complaint within that time period, Count II will be dismissed with prejudice.



Date:       June 13, 2005

ENTER:    _____
          John F. Grady, United States District Judge